**Dulal Kanti GANGULY,**
**Plaintiff–Appellant,**

v.

**SWISS AMERICAN SECURITIES, Inc.,**
**Credit Suisse Group/ Private Banking,**
**Inc., and Credit Suisse Groupe/Private,* Defendants–Appellees.**

No. 05–4351–cv.

United States Court of Appeals,
Second Circuit.

July 20, 2007.

* The Clerk is directed to conform the official caption to the caption on this order.

**52**

Dulal Kanti Ganguly, pro se, Eerbeek, Netherlands, for Appellant.

Allan N. Taffet, Joshua C. Klein, Duval & Stachenfeld LLP, New York, NY, for Appellees.

Present: ROSEMARY S. POOLER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Dulal Kangi Ganguly appeals a judgment of the district court dismissing his complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

The district court correctly concluded that Ganguly failed to establish either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332; *see also Sosa v. Alvarez–Machain,* 542 U.S. 692, 732, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (holding that "federal courts should not recognize private claims under federal common law [and thus under the Alien Tort Claims Act] for violations of any international law norm with less definite content and acceptance among civilized nations than the historical paradigms familiar when [28 U.S.C.] § 1350 was enacted"); *Itoba Ltd. v. Lep Group PLC,* 54 F.3d 118, 121–25 (2d Cir.1995) (describing conduct and effect tests for exercising jurisdiction over a transnational securities fraud claim); *Int'l Shipping Co., S.A., v. Hydra Offshore, Inc.,* 875 F.2d 388, 391 (2d Cir. 1989) (holding that diversity jurisdiction does not exist "where aliens appear on both sides of a case"); *Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir.1974) (holding that only the Federal Trade Commission has standing to enforce 15 U.S.C. § 45(a)).

We, therefore, affirm the judgment of the district court. Further, we deny as moot Ganguly's motion to change the district court's designation of his lawsuit as a civil rights action.